## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Christopher Schell<br>Dawn Marie Schell<br>Debtors | | CHAPTER 13 |
| MIDFIRST BANK<br>Movant<br>vs. | | NO. 19-16188 MDC |
| Robert Christopher Schell<br>Dawn Marie Schell<br>Debtors | | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>Trustee | | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage as of June 1, 2020 on the mortgage held by the Movant

on the Debtor's residence is **$5,782.38,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | April 2020 to June 2020 at $1,724.96/month |
| Suspense Balance: | $423.50 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,782.38** |

2.      The Debtor(s) shall cure said arrearages in the following manner;

a).  On or before June 30, 2020, the Debtor shall bring the account current through

June 1, 2020 by making a payment in the amount of **$4,751.38.**

b). Beginning on July 1, 2020  and continuing through December 1, 2020, until the

arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,724.96** on the

mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each

month (with late charges being assessed after the 15th of the month), plus an installment payment of

**$171.84 from July 2020 to November 2020 and $171.80 for December 2020**  towards the

arrearages on or before the last day of each month at the address below:

MIDLAND MORTGAGE
999 N.W. GRAND BOULEVARD, SUITE 100
OKLAHOMA CITY, OK 73118-6116

c).      Maintenance of current monthly mortgage payments to the Movant thereafter.

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    June 4, 2020                       By: /s/ Rebecca A. Solarz, Esquire
                                            Attorney for Movant

Date: 6/18/20 _____                      _____
                                            Stanley E. Luongo, Jr.
                                            Attorney for Debtors

/s/ LeeAne O. Huggins   No Objection 6/20/2020        Approved by the Court this _____ day of 2020.
William C. Miller, Esquire                            However, the Court retains discretion regarding
Office of the Chapter 13 Standing Trustee             entry of any further order.

                                            _____
                                            Bankruptcy Judge Magdeline D. Coleman